JACK NEILSON, INC., Plaintiff-Appellant,

v.

CHICAGO INSURANCE COMPANY, Defendant-Appellee.

No. 29129

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 24, 1970.

William L. Von Hoene, New Orleans, La., for plaintiff-appellant.

William A. Porteous, III, New Orleans, La., for defendant-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Jack Neilson sued the defendant insurance company to recover on a marine insurance contract affording hull coverage, for damages incurred in the sinking of the Tug M/V Margaret. This appeal raises the correctness of a directed verdict in favor of the insurer and certain evidentiary rulings. We affirm.[1]

Plaintiff claims that the cause of the sinking was an insured peril, a grounding. Plaintiff's theory appears to be

---

1. Pursuant to Rule 18, this case is decided without oral argument.

that the grounding damaged some of the tug's wheels and shafts, and that from this it may be inferred that it developed excess seepage or a leak which caused it to take water and sink. The insurer adequately raised the issue that the cause of the sinking was not a covered peril.

Plaintiff's proof, from the captain, established that on Friday morning, September 9, 1966 the tug grounded at least once "pretty hard." The captain sent a deckhand into the bilge to check packing glands. Seepage did not appear to be other than normal or increased after the grounding. Late Friday afternoon the tug tied up at her home port, Harvey, Louisiana, and remained there.

It was customary to pump the bilges each night. The captain slept on the boat Saturday night. On Sunday night he pumped out the bilges before going to bed. The water in the bilges seemed to be the normal amount that comes in over a 24-hour period. Later the same night the captain awakened and discovered the vessel was taking water. He was unable to get electric or gas pumps started or to get help. He gathered up his gear and left the boat, already listing badly, and caught a bus for Texas. Later that night, at a time unknown, the tug sank at its mooring. When the boat was raised it was found to have bent shafts and wheels. These are all the facts that would shed any light on the cause of the sinking.

■■ The grant of a directed verdict was proper. This circuit has held that "evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions" will require submission to the jury. Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir. 1969). In the instant case, there was no such evidence of a cause-effect relationship between the grounding and the sinking.

■ Plaintiff urges that it was entitled to go to the jury on negligence of the master, which it says was covered by the policy. But negligence was not raised by the pleadings or by the pretrial orders, nor is there any evidence of his negligence that reaches the *Boeing* standard.

In view of the foregoing conclusion, we need not discuss the insurer's second defense of breach of warranty by the insured.

■ The trial court excluded the testimony of a tugboat owner as to practices on the river. If error, it was harmless, because it related to the warranty issue, which was not reached.

Appellant's objection that he was not allowed to call Stanley, a marine surveyor, to testify is without merit. Plaintiff had not included his name on the pretrial order as required. Even if plaintiff had subpoenaed him, as orally stated by plaintiff's counsel at trial, no attachment was sought nor any delay in trial pending his attendance. In fact, plaintiff's major point when the matter came up at trial was not prejudice to him from absence of the witness but the contention that the defense had weakened its case by failure to produce him as a defense witness.

■ Appellant relies heavily on Jack Neilson's testimony that the marine surveyor, Stanley, told him that the sinking was caused by the grounding, as creating a jury issue. The trial judge initially allowed this testimony, apparently under the exception to the hearsay rule for admissions against interest. The same testimony was later excluded. This was proper. The exception applies only where the declarant is unavailable to testify. 5 Wigmore, Evidence, § 1456 at 260 (3d ed. 1940). Counsel for plaintiff stated that Stanley was in New Orleans and was under subpoena. He was not shown to be unavailable.

Affirmed.